## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| | : | |
| ADELENE EVANS | : | CASE NO: 15-10848AMC |
| | : | |
| Debtor | : | |
| _____ | : | |
| ADELENE EVANS | : | |
| | : | |
| Plaintiff | : | |
| v. | : | ADV. NO. 19- |
| | : | |
| BSI FINANCIAL SERVICES | : | |
| | : | |
| Defendant | : | |
| _____ | : | |

## **COMPLAINT**

Debtor/Plaintiff, Adelene Evans ("Debtor"), by counsel, files this Complaint against BSI

Financial Services ("BSI").   In support of this Complaint, Plaintiff alleges as follows:

### Jurisdiction

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C.  § 1334.

2.    Debtor consents to the entry of a final order in this proceeding by the Bankruptcy

Judge.

### The Parties

3.    Debtor is an individual residing at 6331 Race St. Philadelphia, PA 19139 (the

"Property")

4.    Upon information and belief, Defendant BSI is a corporation with principal office at

1425 Greenway Drive, Suite 400, Irving, TX 75038.

### III. Facts

5.      Debtor filed the instant voluntary petition under Chapter 13 of the Bankruptcy Code on February 5, 2015.

6.      At the time the Debtor filed the instant bankruptcy petition Debtor had and continues to have an ownership interest in the Property.

7.      The Debtor's interest in the Property is subject to an alleged lien arising out of a note and mortgage identified in Proof of Claim No. 2, filed on behalf of and subsequently amended by Federal National Mortgage Association ("Fannie Mae" and "Claim 2").

8.      After litigation, on October 26, 2016, an Order was entered in this case and in Adv. No. 15-564, approving a stipulation establishing the total amount to be paid on Claim 2.  Doc. No. 47.  Adv. Doc. Nos. 22-23.

9.      The modified/confirmed Second Amended Plan provides for payment in full of Claim 2 by Trustee disbursements.  Doc Nos. 44, 50.   Debtor has no obligation to make direct postpetition contractual payments to Fannie Mae or its successors.

10.      On June 28, 2017, a Transfer of Claim was filed, transferring Claim 2 from Fannie Mae to US Bank Trust N.A., as trustee of Bungalow Series F Trust ("US Bank").

11.      Upon information and belief, at all relevant times, US Bank has acted through its authorized agent and mortgage loan servicer, BSI.

*The 3002.1 Notice*

12.      Notwithstanding this Court's Order establishing the litigation establishing the amount of Claim 2 and the confirmed plan, on October 9, 2019, BSI, through counsel, filed on behalf of US

Bank, the 3002.1 Notice, which alleges that Debtor has an obligation to make postpetition contractual mortgage payments of $488.84.

13.     As US Bank's predecessor-in-interest has already stipulated to the amount and treatment of Claim 2, there clearly is no contractual or legal basis to hold Debtor accountable for such postpetition payments.

14.     As a result of the 3002.1 Notice, Debtor has incurred damages in the nature of additional legal fees incurred in filing a response to the notice pursuant to Fed. R. Bankr. P. 3002.1(b).

## Count I
## Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA")

15.     Debtor incorporates the foregoing paragraphs by reference as though set forth herein.

16.     Debtor is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

17.     BSI is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

18.     BSI violated the FDCPA.  BSI's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2) and 1692e(10), as evidenced by the following conduct:

    a.     The false representation of the character, amount, or legal status of a debt in the Responses; and

    b.     Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt;

19.     The acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Debtor's rights under the law and with the purpose of attempting to collect more than is allowable under applicable bankruptcy law.

20.    As a result of the above violations of the FDCPA, BSI  is liable to Debtor in the sum of her actual and statutory damages and attorney's fees and costs.

WHEREFORE, Debtor demands judgment against BSI,  in an amount to be determined at trial, together with interest, costs, delay damages, and "such additional relief as [the court] deems necessary or proper," including an award of for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

/s/ Alfonso Madrid
ALFONSO MADRID, ESQ.
Attorney for Debtor
757 South 8th St.
Philadelphia PA 19147
(215) 925-1002
(215) 402-3437 (fax)